RODNEY McCOLLUM, Plaintiff and Respondent, v. D & M
LUMBER COMPANY et al., Defendants and Appellants.

No. 11813.
Submitted Nov. 20, 1970.
Decided Jan. 11, 1971.
479 P.2d 458.

Mulroney, Mulroney & Delaney, Dexter L. Delaney (argued), Missoula, for defendants and appellants.

Turnage & McNeil, C. B. McNeil (argued), Polson, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

The defendants, D & M Lumber Company and Marvin Berg, appeal from a judgment in the sum of $5,440.09, together with costs and disbursements, entered by the District Court of the fourth judicial district without a jury, in favor of the plaintiff, Rodney McCollum. The appeal is taken after an order of the district court denied defendants' motion to amend findings of fact and conclusions of law and motion for a new trial.

This action involves the alleged negligence of a driver of a logging truck. We are called upon to determine whether or not the trial court, as the trier of the facts, in the absence of a jury, was correct in finding that defendant Berg was negligent; and, that plaintiff McCollum was free from contributory negligence and had assumed no risk which would bar his recovery. In making this determination, we will view all of the evidence in a light most favorable to the plaintiff, McCollum, and draw all possible inferences in the plaintiff's favor. Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917.

Defendants contend that the defendant, Berg, was free from negligence in the operation of his logging truck at the time and place of the accident. The evidence shows that Berg who was driving a logging truck for the D & M Lumber Com-

pany had driven the truck up a public road near Seeley Lake, Montana, on November 7, 1966, earlier in the morning than the accident and knew of the snowy, slippery condition of the road. There were no chains on the tires of Berg's truck. As Berg was returning down the road, he observed plaintiff's truck, which was coming up the road. Berg applied his brakes and as a result his truck jackknifed into the plaintiff's lane of traffic colliding with plaintiff's truck, causing the damage complained of. The road at the point of impact was wide enough for the two trucks to have passed, except for the fact that defendant's truck had jackknifed. We hold the evidence supports the trial court's finding that the defendant, Berg, was negligent.

■ As to the second issue presented for review that the trial court erred in finding McCollum was free from contributory negligence and had assumed no risk which would bar his recovery, defendants argue that the custom and usage in the log hauling industry dictates a different standard of care than is in general usage. Defendants urge that a loaded log truck going downhill has the right of way and that all log trucks operating on a certain job should have a functioning shortwave radio receiver and a transmitter on the same radio frequency. The evidence shows that plaintiff had chains on his truck; that he was in the right hand lane of traffic; that the same road was being used by 15 to 20 logging trucks engaged in the same operation; and, by Christmas tree cutters and hunters during the hunting season. Further, that when plaintiff observed defendant's truck, he pulled his truck over to the extreme right-hand side of the road and was stopped, and that at this point there was sufficient road for defendant Berg's truck to have passed. We hold the evidence supports the trial court's finding that the plaintiff was free from contributory negligence and had assumed no risk which would bar his recovery.

■■ As to defendant's argument that the custom and usage of the industry dictates a different standard of care, we cannot say as a matter of law that the plaintiff was negligent. It is obvious from the record that the trial court was aware of the

evidence introduced relating to the alleged custom and usage. Customary methods of conduct are not controlling on the question of negligence but are merely one of the factors to be considered in determining whether or not ordinary care has been exercised. See cases cited at 30 Am. Jur.2d, Evidence § 1123. We cannot say the alleged custom relied upon here would have substantial weight, in view of the fact that there were other nonlogging vehicles using the road.

This court will not interfere with a trial court's finding if there is substantial evidence to support the judgment. Gilbert v. Bostona Mines Co., 121 Mont. 397, 195 P.2d 376. In such a case, the trial court's findings are conclusive on appeal. It is only when there is an absence of credible evidence at the trial that this Court is justified in reversing for failure of proof. Johnson v. St. Patrick's Hospital, 152 Mont. 300, 448, P.2d 729 (1968).

Here, substantial evidence supports the trial court's determination that defendant Berg was negligent and the plaintiff was free from contributory negligence and had not assumed any risk which would bar his recovery.

Therefore the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, and DALY, concur.